UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEE M. BERG,

              Plaintiff,

       v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

              Defendant.

Case No. C11-5757-JCC-BAT

**REPORT AND RECOMMENDATION**

Lee Berg seeks review of the denial of his Disability Insurance Benefits application. He contends the ALJ improperly rejected the opinions of examining doctor Christmas Covell, Ph.D. Dkt. 11. The Court agrees and recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## BACKGROUND

Mr. Berg is currently 34 years old, has a special education high school degree, and has worked as a customer service person, personal banker, and loan officer.[1] On July 25, 2008, he applied for benefits, alleging disability as of April 1, 2008.[2] His application was denied initially

---

[1] Tr. 29, 36, 158.
[2] Tr. 134.

REPORT AND RECOMMENDATION - 1

and on reconsideration.[3] After conducting a hearing on August 16, 2010, the ALJ issued a decision on September 23, 2010 finding Mr. Berg not disabled.[4] The Appeals Council denied Mr. Berg's request for review making the ALJ's decision the Commissioner's final decision.[5]

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[6] the ALJ found:

**Step one:** Mr. Berg had not worked since April 1, 2008.

**Step two:** Mr. Berg had the following severe impairments: mild cerebral palsy, myofascial pain syndrome, learning disorder, attention deficit hyperactivity disorder, and affective disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[7]

**Residual Functional Capacity:** Mr. Berg could perform less than the full range of sedentary work. He could lift or carry ten pounds frequently. He could stand and sit for six hours in an eight hour workday. Mr. Berg ambulates with a cane. He could do simple, repetitive tasks, and could perform those tasks routinely. He works best in jobs with occasional interaction with the public. He could work in proximity to but not in coordination with co-workers.

**Step four:** Mr. Berg could not perform his past work.

**Step five:** As there exists jobs Mr. Berg can perform, he is not disabled.

Tr. 10-21.

## DISCUSSION

Mr. Berg contends the ALJ erred in rejecting Dr. Christmas Covell's opinions. After examining Mr. Berg, reviewing medical and disability records, conducting a mental status examination and administering psychological tests, Dr. Covell diagnosed Mr. Berg with

---
[3] Tr. 73, 79.
[4] Tr. 7-24.
[5] Tr. 1-6.
[6] 20 C.F.R. §§ 404.1520, 416.920.
[7] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

1 | Attention Deficit Hyperactive Disorder, Predominantly Inattentive Type; Bipolar disorder, NOS;
2 | Learning Disorder, NOS; and assigned a GAF score of 45-52. Tr. 215. As the ALJ noted, Dr.
3 | Covell found Mr. Berg suffered from significant mood instability and marked attention deficits
4 | that affected his functioning moderately to significantly; that Mr. Berg was markedly impaired in
5 | his ability to tolerate stress and change, and that Mr. Berg "would require significant reduction in
6 | his symptoms to participate effectively in many sedentary tasks/positions." Tr. 17-18.

The ALJ gave Dr. Covell's "objective findings" great weight but rejected the doctor's opinions on the grounds that:

> the determination that the claimant had limitations, which would require a reduction of his symptoms prior to being able to work is given little weight. The undersigned does not find that the objective medical evidence supports that the claimant's symptoms rose to the level of precluding the ability to work. Also, the undersigned notes that the claimant's minimal treatment suggests his limitations are not as significant as alleged.

Tr. 18. Mr. Berg argues, and the Court agrees, the ALJ erred because these reasons are not supported by substantial evidence. Dkt. 11 at 4-5.

Where not contradicted by another doctor, an examining doctor's opinion may be rejected only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Where contradicted, an examining doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632

(9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Here, the ALJ failed to apply these principles in rejecting Dr. Covell's opinions. The ALJ failed to detail the facts, the conflicting evidence, if any, and her interpretation of the facts and evidence. Instead, the ALJ did little more than state the objective medical evidence did not support the doctor's opinions. This, however, is a conclusory finding and not sufficient grounds to reject an examining doctor's opinion.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The ALJ also erred in rejecting Dr. Covell's opinions on the grounds "the claimant's minimal treatment suggests his limitations are not as significant as alleged." Tr. 18. The ALJ did not point to anything in the record that would support this finding. Rather, it appears the ALJ reached this conclusion based on the misapprehension Mr. Berg had not received mental health treatment during period of time relevant in this case, other than a 2009 neurological examination. Tr. 17 (referencing Tr. 244). This belief, as Mr. Berg points out, is contradicted by the record that shows Mr. Berg received mental health treatment during 2009-2010 from Sea Mar Community Health Clinic. Dkt. 11 at 5 (citing to Tr. 250-257).

The Commissioner argues the Court should reject Mr. Berg's argument and affirm the ALJ's assessment of Dr. Covell's opinions because there is other medical evidence, such as the opinions of non-examining doctor Kristine Harrison, Psy.D., that the Commissioner contends supports the ALJ's ultimate disability determination. Dkt. 12 at 6. However, as the ALJ did not

reject Dr. Covell's opinions on this basis neither will the Court. To do so would result in an improper post-hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). In sum, the record establishes the ALJ erred in evaluating Dr. Covell's opinions—the ALJ's decision is not supported by substantial evidence and the ALJ failed to properly apply the law applicable to the assessment of a treating doctor's opinions.

The Court finds the ALJ's errors were not harmless as they affected the propriety of the ALJ's assessment of Mr. Berg's residual functional capacity, and thus the hypothetical questions posed to the vocational expert, and the expert's opinions. Where an ALJ fails to provide adequate reasons for rejecting a physician's opinion, the Court may credit that opinion as a matter of law. *See Lester*, 81 F.3d at 834. However, courts retain flexibility in applying the credit as true theory. *Id.* Where it is not clear from the record that the ALJ would be required to award benefits if the evidence is accepted were credited, the Court may remand for further determinations. *Id.* In this case, it is clear Dr. Covell believes that unless Mr. Berg's symptoms are reduced he is unlikely to be able to work. Tr. 215. But it is unclear whether Dr. Covell believes Mr. Berg's symptoms, with treatment, can be reduced to the point he can work. The doctor suggests for instance Mr. Berg would benefit from medications to stabilize his moods and that cognitive-behavioral treatment which could potentially reduce his behavioral and emotional problems. Tr. 215. Based on this record, the Court cannot say Dr. Covell's opinions establish as a matter of law that Mr. Berg was disabled from the alleged onset date. The Court thus concludes it would be appropriate to remand the case for further proceedings.

## CONCLUSION

For the foregoing reasons, the Court recommends the Commissioner's decision be

**REVERSED** and the case be **REMANDED** for further administrative proceedings.  On remand, the ALJ should reassess the opinions of Dr. Covell and develop the medical record as appropriate, and redo the five-step evaluation process as necessary. If the ALJ's residual functional assessment is revised, the ALJ should also call a vocational expert ("VE") to testify about jobs that may exist with a properly framed hypothetical that incorporates all of Mr. Berg's limitations.

A proposed order accompanies this Report and Recommendation.  Objections, if any, must be filed and served no later than **April 11, 2012.**  If no objections are filed, the matter will be ready for the Court's consideration on April 13, 2012.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 28th day of March, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge